DA 14-0005

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 238N

IN RE THE MARRIAGE OF:

ANGELA STANGER DEVINE,

      Petitioner and Appellant,

  v.

SEAN MICHAEL DEVINE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
                    In and For the County of Park, Cause No. DR 2012-92
                    Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Karl Knuchel; Attorney at Law; Livingston, Montana

        For Appellee:

                Kendra K. Anderson; Attorney at Law; Livingston, Montana

                        Submitted on Briefs:  August 20, 2014
                                    Decided:  September 2, 2014

Filed:

                _____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Angela Stanger Devine appeals the Sixth Judicial District Court's denial of her motions to modify the parties' parenting plan, to require a parenting evaluation, and to appoint a counselor. Angela argues that the evidence presented to the District Court does not support its finding that there was no change in the children's circumstances, that the court abused its discretion by failing to appoint a parenting plan evaluator in light of the parties' significantly conflicting testimony, and that the court committed reversible error by failing to rule at all on Angela's motion to appoint a counselor for the children. Affording the considerable discretion a trial court is due in matters of child custody, *In re Marriage of Klatt*, 2013 MT 17, ¶ 13, 368 Mont. 290, 294 P.3d 391, we affirm.

¶3 The marriage between Angela and Sean Devine was dissolved in October 2012. The parties entered a stipulated parenting plan under which their two minor children would reside with each parent on an equal basis on a schedule mutually agreed upon between the parties. Approximately three months after entry of the final decree, Angela sought amendment of the parenting plan. Her affidavit alleged that Sean's conduct and statements to and in front of the children since the dissolution had caused the children

2

deep anxiety and insecurity, and that his heavy drinking was causing her concern for the safety of her children. Angela also filed a motion to appoint a parenting evaluator to report to the court with recommendations on a parenting plan for the children.

¶4 The District Court held a hearing on July 15, 2013, at which it heard testimony from both Angela and Sean, along with Angela's mother and Sean's first wife, with whom he shares custody of an older child. Following the hearing, Angela moved the court to appoint a counselor for the children prior to ruling on her motion for evaluation. The court entered its Findings of Fact, Conclusions of Law, and Order on December 17, 2013, denying Angela's motion to amend the parenting plan and motion for evaluator. It did not address her motion for appointment of a counselor. The court found Angela's testimony largely incredible, determined that her allegations were not substantiated by objective evidence, and held that she had failed to meet her heavy burden of proof under § 40-4-219, MCA, to demonstrate that modification of the existing parenting plan is necessary or appropriate to serve the children's best interests. The court further ruled that Angela had failed to present facts or evidence warranting the imposition and expense of a parental evaluation at this time.

¶5 We review for clear error a district court's findings of fact on a decision regarding modification of a parenting plan. *In re Marriage of Whyte*, 2012 MT 45, ¶ 14, 364 Mont. 219, 272 P.3d 102. In the absence of clear error, "[w]e will reverse a district court's decision regarding modification of custody only where an abuse of discretion is clearly demonstrated." *In re Marriage of Nies*, 2003 MT 100, ¶ 10, 315 Mont. 260, 68 P.3d 697

(citing *In re Marriage of Oehlke*, 2002 MT 79, ¶ 9, 309 Mont. 254, 46 P.3d 49).

¶6      The District Court heard both parents' versions of how their divorce had affected their children's lives during the months following entry of the final parenting plan. Both parties agreed that communication between the two of them had become extremely difficult. Both parties agreed that the children would benefit from counseling, and both testified that they had not yet been able to agree on an appropriate counselor. The parties had differing versions, however, of the events precipitating Angela's filing of the motion for modification. Even if Angela is correct that the circumstances of the children's lives had changed in ways the parents had not anticipated when they stipulated to the parenting plan, amendment of a parenting plan is not justified unless the court also finds "that the amendment is necessary to serve the best interest of the child." Section 40-4-219(1), MCA. This is a discretionary ruling of the trial court. Having reviewed the record in its entirety, we conclude that the District Court's factual findings are not clearly erroneous and that it did not abuse its discretion in determining that Angela had not demonstrated the necessity of an amendment to the parenting plan.

¶7      The District Court also acted within its discretion in refusing Angela's request to appoint a parenting evaluator. Angela testified that she believed an evaluation by a neutral expert was a precondition to seeking modification of a parenting plan. The District Court correctly advised her that the law did not require an evaluation, § 40-4-214(2), MCA, and correctly observed that neither party had requested the court to interview the children. Given its view of the testimony and the fact that only a few

4

months had passed since the dissolution, the court did not act arbitrarily or without conscientious judgment when it decided that the expense and imposition of an evaluation were not justified at this time.

¶8 Finally, the District Court's failure to address Angela's motion for counseling appears to reflect simply that neither party had disputed the need for counseling during the hearing. The record is clear that the parties agreed to seek counseling for the children. Sean testified that he thought counseling also would help the parties with their communication difficulties, a problem he wanted to fix. The parties both indicated that each had proposed a counselor, but had not yet found one mutually acceptable. Further, because Angela's motion requested appointment of a counselor prior to any ruling on her request for an evaluator, the court apparently considered the matter moot.

¶9 In any event, the final parenting plan provides for the parents to mediate important conflicts between them regarding the children. There was no evidence that they unsuccessfully attempted mediation in an effort to find an acceptable counselor; it appears, rather, that their efforts had been stalled by litigation over the pending motions. It certainly would be in the children's best interests for the parents to find their own counselor instead of requiring the court's involvement in appointing someone to work with their children. If mediation fails, however, the parties may seek additional relief from the court.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

5

issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion. The District Court's December 17, 2013 Order is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE